UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| JOHN DOE and JANE DOE, individually and on behalf of their minor daughter, NANCY DOE, <br><br> Plaintiffs, <br><br> vs. <br><br> ED BULL, in his official capacity as County Attorney of Marion County, Iowa, <br><br> Defendant. | No. 4:16-cv-00521 <br><br><br><br><br><br> ANSWER |

COMES NOW, Defendant, Ed Bull, in his official capacity as County Attorney of Marion County, Iowa, and in answer to Plaintiffs' Complaint, states:

INTRODUCTION

To the extent Plaintiffs' Introduction section constitutes allegations to which a response is required, Defendant denies the allegations in this Section of Plaintiffs' Complaint.

Defendant affirmatively states, furthermore, that the basis of Plaintiffs' Complaint stems from interpretation and construction of the Iowa statute criminalizing the sexual exploitation of children. *See* Iowa Code §§ 728.12 and 728.1(7)(g), *and*, *e.g.*, *State v. Hunter*, 550 N.W.2d 460, 465-66 (Iowa 1996), overruled on other grounds by *State v. Robinson*, 618 N.W.2d 306 (Iowa 2000). Instead of relying on Iowa Supreme Court cases interpreting and giving proper context to the sexual exploitation of children statute, Plaintiffs improperly supplant a definition of "nudity" that is textually limited to Iowa's statute prohibiting the invasion of privacy. *See* Iowa Code § 709.21(2)(a).

The underlying question of statutory interpretation and construction ought not be the focus of this Court when there is a viable mechanism to address Plaintiffs' concerns in the Iowa juvenile proceedings, if such would ever be brought. The principles of comity and federalism and the *Younger* abstention doctrine, furthermore, suggest this Court decline jurisdiction and leave the statutory interpretation and construction to the Iowa Supreme Court. Alternatively, if the Court takes on jurisdiction it may consider certifying the underlying issues of statutory interpretation and construction to the Iowa Supreme Court.

## JURISDICTION AND VENUE

1. Defendant denies the allegations of paragraph 1 and affirmatively states that this Court should abstain from exercising jurisdiction under the principles of federalism and comity and what has become known as the *Younger* Abstention Doctrine.

2. Defendant denies the allegations of paragraph 2 and affirmatively states that this Court should abstain from exercising jurisdiction under the principles of federalism and comity and what has become known as the *Younger* Abstention Doctrine.

## PARTIES

3. Defendant admits that Nancy Doe is and at all relevant times hereinafter mentioned was a teenager and her parents residents of Knoxville, Iowa, and denies the remaining allegations of paragraph 3.

4. Defendant admits the allegations of paragraph 4.

## FACTUAL ALLEGATIONS

5. Defendant admits the allegations of paragraphs 5.

6. Defendant admits the allegations of paragraphs 6.

7. Defendant admits the allegations of paragraphs 7.

8.  Defendant admits the allegations of paragraph 8.

9.  Defendant admits the allegations of paragraph 9.

10.  Defendant admits the allegations of paragraph 10.

11.  Defendant admits the allegations of paragraph 11.

12.  Defendant admits the allegations of paragraph 12.

13.  Defendant admits the allegations of paragraph 13.

14.  Defendant admits that boys were caught printing photos of girls, but denies the remaining allegations of paragraph 14 for lack of information and knowledge upon which to form a belief.

15.  Defendant denies the allegations of paragraph 15 for lack of information and knowledge upon which to form a belief.

16.  Defendant denies the allegations of paragraph 16 for lack of information and knowledge upon which to form a belief.

17.  Defendant denies the allegations of paragraph 17 for lack of information and knowledge upon which to form a belief.

18.  Defendant denies the allegations of paragraph 18 for lack of information and knowledge upon which to form a belief.

19.  Defendant denies the allegations of paragraph 19 for lack of information and knowledge upon which to form a belief.

20.  Defendant denies the allegations of paragraph 20 for lack of information and knowledge upon which to form a belief.

21.  Defendant denies the allegations of paragraph 21 for lack of information and knowledge upon which to form a belief.

22. Defendant denies the allegations of paragraph 22 for lack of information and knowledge upon which to form a belief.

23. Defendant denies the allegations of paragraph 23 for lack of information and knowledge upon which to form a belief.

24. Defendant denies the allegations of paragraph 24 for lack of information and knowledge upon which to form a belief.

25. Defendant denies the allegations of paragraph 25 for lack of information and knowledge upon which to form a belief.

26. Defendant denies the allegations of paragraph 26 for lack of information and knowledge upon which to form a belief.

27. Defendant denies the allegations of paragraph 27 for lack of information and knowledge upon which to form a belief.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30 for lack of information and knowledge upon which to form a belief.

31. Defendant denies the allegations of paragraph 31 for lack of information and knowledge upon which to form a belief.

32. Defendant denies the allegations of paragraph 32 for lack of information and knowledge upon which to form a belief.

33. Defendant denies the allegations of paragraph 33 for lack of information and knowledge upon which to form a belief.

34. Defendant denies the allegations of paragraph 34 for lack of information and knowledge upon which to form a belief.

35.  Defendant denies the allegations of paragraph 35 for lack of information and knowledge upon which to form a belief.

36.  Defendant admits the allegations of paragraph 36.

37.  Defendant denies the allegations of paragraph 37 for lack of information and knowledge upon which to form a belief.

38.  Defendant denies the allegations of paragraph 38 for lack of information and knowledge upon which to form a belief.

39.  Defendant denies the allegations of paragraph 39 for lack of information and knowledge upon which to form a belief.

40.  Defendant denies the allegations of paragraph 40 for lack of information and knowledge upon which to form a belief.

41.  Defendant denies the allegations of paragraph 41 for lack of information and knowledge upon which to form a belief.

42.  Defendant denies the allegations of paragraph 42 for lack of information and knowledge upon which to form a belief.

43.  Defendant admits that Nancy Doe took and sent to a classmate a sexting photo depicting Nancy Doe in a state of partial undress and Defendant denies the remaining allegations of paragraph 43.

44.  Defendant admits that Nancy Doe took and sent to a classmate a sexting photo depicting Nancy Doe in a state of partial undress and Defendant denies the remaining allegations of paragraph 44.

45.  Defendant denies the allegations of paragraph 45 and affirmatively states that the sexting photos depicting Nancy Doe constitute nudity for the purpose of arousing or satisfying the sexual desires of a person who may view a visual depiction of

the nude minor. *See* Iowa Code Section 728.1(7)(g), *and, State v. Hunter*, 550 N.W.2d 460, 465-66 (Iowa 1996), overruled on other grounds by *State v. Robinson*, 618 N.W.2d 306 (Iowa 2000).

46. Defendant denies the allegations of paragraph 46 for lack of information and knowledge upon which to form a belief.

47. Defendant denies the allegations of paragraph 47 for lack of information and knowledge upon which to form a belief.

48. Defendant denies the allegations of paragraph 48 for lack of information and knowledge upon which to form a belief.

49. Defendant denies the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50 for lack of information and knowledge upon which to form a belief.

51. Defendant denies the allegations of paragraph 51 and affirmatively states that the sexting photos depicting Nancy Doe constitute nudity for the purpose of arousing or satisfying the sexual desires of a person who may view a visual depiction of the nude minor. *See* Iowa Code Section 728.1(7)(g), *and, e.g., State v. Hunter*, 550 N.W.2d 460, 465-66 (Iowa 1996), overruled on other grounds by *State v. Robinson*, 618 N.W.2d 306 (Iowa 2000).

52. Defendant denies the allegations of paragraph 52 for lack of information and knowledge upon which to form a belief.

53. Defendant denies the allegations of paragraph 53 for lack of information and knowledge upon which to form a belief.

54. Defendant denies the allegations of paragraph 54 for lack of information and knowledge upon which to form a belief.

55. Defendant denies the allegations of paragraph 55 for lack of information and knowledge upon which to form a belief.

56. Defendant admits that the media has covered portions of the sexting story at Knoxville High School and denies the remaining allegations of paragraph 56 for lack of information and knowledge upon which to form a belief.

57. Defendant denies the allegations of paragraph 57 for lack of information and knowledge upon which to form a belief.

58. Defendant denies the allegations of paragraph 58 for lack of information and knowledge upon which to form a belief.

59. Defendant denies the allegations of paragraph 59 for lack of information and knowledge upon which to form a belief.

60. Defendant denies the allegations of paragraph 60 for lack of information and knowledge upon which to form a belief.

61. Defendant admits Juvenile Court Services investigated Sexual Exploitation of a Minor upon complaint by the Knoxville Police Department and denies the remaining allegations of paragraph 61.

62. Defendant admits Juvenile Court Services requested that Nancy and a parent attend an intake interview and denies the remaining allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63 for lack of information and knowledge upon which to form a belief.

64. Defendant denies the allegations of paragraph 64 for lack of information and knowledge upon which to form a belief.

65. Defendant denies the allegations of paragraph 65 for lack of information and knowledge upon which to form a belief.

66. Defendant denies the allegations of paragraph 66 for lack of information and knowledge upon which to form a belief.

67. Defendant denies the allegations of paragraph 67 for lack of information and knowledge upon which to form a belief.

68. Defendant admits that students attended an intake interview on March 24, 2016, at the Marion County Courthouse and denies the remaining allegations of paragraph 68.

69. Defendant admits Ed Bull was present at the intake interview and denies the remaining allegation of paragraph 69.

70. Defendant denies the allegations of paragraph 70.

71. Defendant admits that the intake interview explained to students the ramifications of violating Iowa's statute prohibiting the sexual exploitation of a minor and practical issues that can arise by engaging in sexting. Defendant denies the remaining allegations of paragraph 71.

72. Defendant denies the allegations of paragraph 72.

73. Defendant admits offering the students in attendance at the intake interview with the option to participate in a diversion program in which the students would enter into a diversion agreement with Juvenile Court Services, admit to involvement, take classes regarding sexting, relinquish the students' cell phones for the summer, complete 50 hours of community service, and be on the school's computer prohibition for the next summer. Defendant denies the remaining allegations of paragraph 73.

74. Defendant denies the allegations of paragraph 74 for lack of information and knowledge upon which to form a belief.

75. Defendant denies the allegations of paragraph 75 for lack of information and knowledge upon which to form a belief.

76. Defendant denies the allegations of paragraph 76 for lack of information and knowledge upon which to form a belief.

77. Defendant denies the allegations of paragraph 77 for lack of information and knowledge upon which to form a belief.

78. Defendant denies the allegations of paragraph 78 for lack of information and knowledge upon which to form a belief.

79. Defendant denies the allegations of paragraph 79 for lack of information and knowledge upon which to form a belief.

80. Defendant denies the allegations of paragraph 80 for lack of information and knowledge upon which to form a belief.

81. Defendant denies the allegations of paragraph 81 for lack of information and knowledge upon which to form a belief.

82. Defendant denies the allegations of paragraph 82 for lack of information and knowledge upon which to form a belief.

83. Defendant denies the allegations of paragraph 83 for lack of information and knowledge upon which to form a belief.

84. Defendant denies the allegations of paragraph 84 for lack of information and knowledge upon which to form a belief.

85. Defendant denies the allegations of paragraph 85 for lack of information and knowledge upon which to form a belief.

86. Defendant denies the allegations of paragraph 86 for lack of information and knowledge upon which to form a belief.

87. Defendant denies the allegations of paragraph 87 for lack of information and knowledge upon which to form a belief.

88. Defendant denies the allegations of paragraph 88 for lack of information and knowledge upon which to form a belief.

89. Defendant denies the allegations of paragraph 89 for lack of information and knowledge upon which to form a belief.

90. Defendant denies the allegations of paragraph 90 for lack of information and knowledge upon which to form a belief.

91. Defendant admits that Attorney Matthew Lindholm represented Plaintiffs and communicated with Ed Bull. Defendant denies the remaining allegations of paragraph 91 for lack of information and knowledge upon which to form a belief.

92. Defendant admits that Mr. Linderholm and Ed Bull disagreed about whether the conduct of Nancy Doe violated Iowa's statute prohibiting sexual exploitation of minors, and denies the remaining allegations of paragraph 92. Defendant affirmatively states that the sexting photos depicting Nancy Doe constitute nudity for the purpose of arousing or satisfying the sexual desires of a person who may view a visual depiction of the nude minor. *See* Iowa Code Section 728.1(7)(g), *and, e.g., State v. Hunter*, 550 N.W.2d 460, 465-66 (Iowa 1996), overruled on other grounds by *State v. Robinson*, 618 N.W.2d 306 (Iowa 2000).

93. Defendant admits that Mr. Linderholm and Ed Bull disagreed about whether the conduct of Nancy Doe violated Iowa's statute prohibiting sexual exploitation of minors, and denies the remaining allegations of paragraph 93. Defendant affirmatively states that the sexting photos depicting Nancy Doe constitute nudity for the purpose of arousing or satisfying the sexual desires of a person who may view a visual depiction of

the nude minor. *See* Iowa Code Section 728.1(7)(g), *and, e.g., State v. Hunter*, 550 N.W.2d 460, 465-66 (Iowa 1996), overruled on other grounds by *State v. Robinson*, 618 N.W.2d 306 (Iowa 2000).

94. Defendant admits one of the consequences of violating Iowa's statute prohibiting sexual exploitation of a minor could be placement on Iowa's sex offender registry. Defendant denies the remaining allegations of paragraph 94.

95. Defendant denies the allegations of paragraph 95 and affirmatively states that Iowa Code Section 728.12 speaks for itself.

96. Defendant denies the allegations of paragraph 96 and affirmatively states that Iowa Code Section 728.1 speaks for itself. Defendant also affirmatively states that the sexting photos depicting Nancy Doe constitute nudity for the purpose of arousing or satisfying the sexual desires of a person who may view a visual depiction of the nude minor. *See* Iowa Code Section 728.1(7)(g), *and, e.g., State v. Hunter*, 550 N.W.2d 460, 465-66 (Iowa 1996), overruled on other grounds by *State v. Robinson*, 618 N.W.2d 306 (Iowa 2000).

97. Defendant denies the allegations of paragraph 97 and affirmatively states that Iowa Code Section 702.17 speaks for itself.

98. Defendant denies the allegations of paragraph 98 and affirmatively states that Iowa Code Section 709.21(2)(a) speaks for itself. Defendant also affirmatively states that the definition of nudity in Iowa Code Section 709.21(2)(a) is textually limited to that Section.

99. Defendant admits the allegations of paragraph 99.

100. Defendant denies the allegations of paragraph 100 and affirmatively states that the sexting photos depicting Nancy Doe constitute nudity for the purpose of

arousing or satisfying the sexual desires of a person who may view a visual depiction of the nude minor.  *See* Iowa Code Section 728.1(7)(g), *and, e.g., State v. Hunter*, 550 N.W.2d 460, 465-66 (Iowa 1996), overruled on other grounds by *State v. Robinson*, 618 N.W.2d 306 (Iowa 2000).

      101.  Defendant denies the allegations of paragraph 101 and affirmatively states that the sexting photos depicting Nancy Doe constitute nudity for the purpose of arousing or satisfying the sexual desires of a person who may view a visual depiction of the nude minor.  *See* Iowa Code Section 728.1(7)(g), *and, e.g., State v. Hunter*, 550 N.W.2d 460, 465-66 (Iowa 1996), overruled on other grounds by *State v. Robinson*, 618 N.W.2d 306 (Iowa 2000).  As such, Nancy Doe likely violated Iowa's statute criminalizing the sexual exploitation of a minor.  *See id., and,* Iowa Code § 728.12.

      102.  Defendant denies the allegations of paragraph 102.

      103.  Defendant denies the allegations of paragraph 103 and affirmatively states that the sexting photos depicting Nancy Doe constitute nudity for the purpose of arousing or satisfying the sexual desires of a person who may view a visual depiction of the nude minor.  *See* Iowa Code Section 728.1(7)(g), *and, e.g., State v. Hunter*, 550 N.W.2d 460, 465-66 (Iowa 1996), overruled on other grounds by *State v. Robinson*, 618 N.W.2d 306 (Iowa 2000).  As such, Nancy Doe likely violated Iowa's statute criminalizing the sexual exploitation of a minor.  *See id., and,* Iowa Code § 728.12.

      104.  Defendant admits that Mr. Linderholm and Ed Bull exchanged a series of emails in which they disagreed about whether the conduct of Nancy Doe violated Iowa's statute prohibiting sexual exploitation of minors, and denies the remaining allegations of paragraph 104.  Defendant affirmatively states that the sexting photos depicting Nancy Doe constitute nudity for the purpose of arousing or satisfying the sexual desires

of a person who may view a visual depiction of the nude minor. *See* Iowa Code Section 728.1(7)(g), *and, e.g., State v. Hunter*, 550 N.W.2d 460, 465-66 (Iowa 1996), overruled on other grounds by *State v. Robinson*, 618 N.W.2d 306 (Iowa 2000).

105. Defendant denies the allegations of paragraph 105 and affirmatively states that participation in the diversion program by other students is deemed confidential.

106. Defendant denies the allegations of paragraph 106 and affirmatively states that the State offered Nancy Doe the option of completing the class, giving up her phone, but still having the option of carrying a flip phone for calls only.

107. Defendant denies the allegations of paragraph 107 and affirmatively states that the sexting photos depicting Nancy Doe constitute nudity for the purpose of arousing or satisfying the sexual desires of a person who may view a visual depiction of the nude minor. *See* Iowa Code Section 728.1(7)(g), *and, e.g., State v. Hunter*, 550 N.W.2d 460, 465-66 (Iowa 1996), overruled on other grounds by *State v. Robinson*, 618 N.W.2d 306 (Iowa 2000).

108. Defendant denies the allegations of paragraph 108 and affirmatively states that the sexting photos depicting Nancy Doe constitute nudity for the purpose of arousing or satisfying the sexual desires of a person who may view a visual depiction of the nude minor and are not protected by the First Amendment. *See* Iowa Code Section 728.1(7)(g), *and, e.g., State v. Hunter*, 550 N.W.2d 460, 465-66 (Iowa 1996), overruled on other grounds by *State v. Robinson*, 618 N.W.2d 306 (Iowa 2000).

109. Defendant denies the allegations of paragraph 109.

110. Defendant denies the allegations of paragraph 110 and affirmatively states that the sexting photos depicting Nancy Doe constitute nudity for the purpose of arousing or satisfying the sexual desires of a person who may view a visual depiction of

the nude minor and are not protected by the First Amendment. *See* Iowa Code Section 728.1(7)(g), *and, e.g., State v. Hunter*, 550 N.W.2d 460, 465-66 (Iowa 1996), overruled on other grounds by *State v. Robinson*, 618 N.W.2d 306 (Iowa 2000).

111. Defendant admits Nancy Doe and all students involved in sexting are victims or a potential victims, the conduct for which the State has a compelling interest in regulating. Defendant denies that Nancy Doe did not disseminate the sexting photos depicting Nancy Doe in a state of nudity for the purpose of arousing or satisfying the sexual desires of a person who may view a visual depiction of the nude minor and are not protected by the First Amendment. *See* Iowa Code Section 728.1(7)(g), *and, e.g., State v. Hunter*, 550 N.W.2d 460, 465-66 (Iowa 1996), overruled on other grounds by *State v. Robinson*, 618 N.W.2d 306 (Iowa 2000).

112. Defendant denies the allegations of paragraph 112.

113. Defendant denies the allegations of paragraph 113.

114. Defendant denies the allegations of paragraph 114.

115. Defendant denies the allegations of paragraph 115.

116. Defendant denies the allegations of paragraph 116.

117. Defendant denies the allegations of paragraph 117.

## FIRST CAUSE OF ACTION
### (FIRST AMENDMENT RIGHT TO FREE EXPRESSION)

118-120. Defendant denies the allegations of paragraphs 118, 119, and 120.

## SECOND CAUSE OF ACTION
### (FIRST AMENDMENT RIGHT TO BE FREE FROM COMPELLED EXPRESSION)

121. Defendant denies the allegations of paragraph 121.

## THIRD CAUSE OF ACTION
### (FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS RIGHT AS PARENTS TO DIRECT THEIR CHILDREN'S UPBRINGING)

122. Defendant denies the allegations of paragraph 122.

## AFFIRMATIVE DEFENSES

122. Plaintiffs have failed to state a claim upon which any relief can be granted.

123. For further answer and by way of an affirmative defense, Defendant states this Court lacks subject matter jurisdiction over all or some of Plaintiff's claims.

124. For further answer and by way of an affirmative defense, Defendant states that to the extent Plaintiff's complaint attempts to seek or obtain injunctive or equitable relief, such relief is not available on the grounds that Plaintiff lacks standing, fail to present a justiciable claim and/or has failed to satisfy the "case or controversy" jurisdictional requirement of the United States Constitution.

125. For further answer and by way of an affirmative defense, Defendant states that Plaintiffs' claims are barred by the principles of federalism and comity.

126. For further answer and by way of affirmative defense, Defendant states that Plaintiffs' claims are barred by the Anti-Injunction Act, *Rooker-Feldman* Doctrine, and/or *Younger* Abstention Doctrine.

As a rule, federal courts "should abstain from exercising jurisdiction when asked to enjoin pending state criminal proceedings." *Lewellen v. Raff*, 843 F.2d 1103, 1109 (8th Cir. 1988) (citing *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 757, 27 L.Ed.2d 669 (1971). This rule together with principles of comity and federalism underlie what has come to be known as the *Younger* abstention doctrine. *See id.* (citations omitted). "This doctrine instructs federal courts to refrain from hearing constitutional challenges to state action when federal action would be regarded as an improper intrusion on the state's authority to enforce its laws in its own courts." Beth Shankle Anderson, *"Our*

*Federalism" the Younger Abstention Doctrine and Its Companions*, Fla. B.J., November 2007, at 9. In other words, the doctrine "is a reflection of the public policy that disfavors federal court interference with state judicial proceedings." *Lewellen,* 843 F.2d at 1109.

Plaintiffs may suggest that the *Younger* abstention doctrine does not apply to them because, in extraordinary circumstances, a federal court may intervene in state judicial proceedings. *See id., and, Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116 (1982) (extraordinary circumstances required). To establish such an exception to the *Younger* doctrine, Plaintiffs would have to show that a state prosecution endangers their federal rights and that the prosecution threatens to cause "great and immediate irreparable injury." *See id.* (citations omitted). Plaintiffs cannot satisfy this burden simply because of "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution" *Id. (citations omitted)*. Plaintiffs would have to show that the defense of the State's criminal prosecution would not assure adequate vindication of their constitutional rights or that the prosecution was initiated in bad faith or to harass Plaintiffs. *See id.* (citations omitted). To establish bad faith or harassment, Plaintiffs would have to show that the "prosecution has been brought without a reasonable expectation of obtaining a valid conviction" or "initiated to retaliate for or discourage the exercise of constitutional rights." *Id.* (citations omitted). The burden of proof rests on Plaintiff to escape the *Younger* abstention doctrine and establish that an exception applies. *See id., and, Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002).

In this case, the State of Iowa would have a reasonable expectation of obtaining a valid juvenile adjudication of Nancy Doe. *See id.* The sexting photos depicting Nancy

Doe constitute nudity for the purpose of arousing or satisfying the sexual desires of a person who may view a visual depiction of the nude minor and are not protected by the First Amendment.  *See* Iowa Code Section 728.1(7)(g), *and, e.g., State v. Hunter*, 550 N.W.2d 460, 465-66 (Iowa 1996), overruled on other grounds by *State v. Robinson*, 618 N.W.2d 306 (Iowa 2000).  As such, Nancy Doe likely violated Iowa's statute criminalizing the sexual exploitation of a minor.  *See id., and,* Iowa Code § 728.12.  Plaintiffs should not be able to premise a putative constitutional violation on a legitimate juvenile prosecution.  Accordingly, Plaintiff cannot overcome the *Younger* abstention doctrine.

127.   Should the Court elect to take jurisdiction of the case despite the arguments over comity, federalism, and *Younger* abstention doctrine, the Court may also consider certifying the underlying statutory interpretation and construction issues to the Iowa Supreme Court.  *See* LR 83, *and, Iowa Right to Life Comm., Inc., v. Tooker*, 795 F. Supp. 2d 852, 861-62 (S.D. Iowa 2011).

WHEREFORE, the Defendant, Ed Bull, in his official capacity as County Attorney of Marion County, Iowa, prays that the court dismiss Plaintiffs' Complaint and all counts contained therein at Plaintiffs' costs.

/S/ ROBERT LIVINGSTON
Robert M. Livingston  #AT0004728
STUART TINLEY LAW FIRM LLP
310 W. Kanesville Blvd., 2nd Floor
P. O. Box 398
Council Bluffs, Iowa  51502
Telephone: 712.322.4033
Facsimile: 712.322.6243
Email: Livingston.rob@stuarttinley.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of October, 2016, the above and foregoing document was electronically filed with the Clerk of the U.S. District Court using the ECF system, service being made by ECF upon the following:

| | |
|---|---|
| Glen S. Downey  #AT0012428<br>The Law Offices of Glen S. Downey, LLC<br>301 East Walnut St., Ste. 4<br>Des Moines, IA 50309<br>Telephone:  (515) 259-9571<br>Fascimile:  (515) 259-7599<br>glen@downey-law.net | Robert G. Rehkemper  #AT0006553<br>Matthew T. Lindholm  #AT0004746<br>440 Fairway Drive, Suite 210<br>West Des Moines, Iowa 50266<br>Telephone:  (515) 226-0500<br>Fascimile:  (515) 244-2914<br>rgrehkemper@grllaw.com<br>mtlindholm@grllaw.com |

ATTORNEYS FOR PLAINTIFFS

/S/ ROBERT LIVINGSTON