UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOHN DOE and JANE DOE, individually and on behalf of their minor daughter, NANCY DOE,<br><br>Plaintiffs,<br><br>v.<br><br>ED BULL, in his official capacity as County Attorney of Marion County, Iowa,<br><br>Defendant. | Case No. 4:16-cv-00521-RP-CFB<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR A PRELIMINARY INJUNCTION** |

## PLAINTIFFS' REPLY BRIEF

COME NOW, Plaintiffs, by and through their attorneys, and respectfully state as follows in reply to Defendant Bull's Resistance to Plaintiff's Motion for a Preliminary Injunction.

### INTRODUCTION

While most of Defendant's arguments are sufficiently addressed in Plaintiffs' brief in chief, Plaintiffs briefly address select points made by Defendant in his Resistance that misstate Plaintiffs' claims as well as the law.

### ARGUMENT

**I.   The two photos at issue in this case are protected expression as non-obscene, non-nude images.**

Put simply, this challenge is not dependent on the definition of full or partial nudity as set forth in Iowa Code section 709.21(2)(a)—although clearly the pictures, as Defendant concedes, do not meet that statutory definition of nudity (defined as the showing of any part of the human

1

genitals or pubic area or buttocks, or any part of the nipple of the breast of a female, with less than fully opaque covering). *Id.* Here, Defendant's Resistance concedes the fact that in neither picture at issue is either of Nancy Doe's nipples visible, asserting that merely some portion of Nancy Doe's left breast, "from the superior to the inferior aspect" is shown in one of the two pictures. (Resistance at 4.) In other words, by common parlance, cleavage is visible. Neither of the photos of Nancy Doe depicted a prohibited sex act, Nancy's genitalia or pubic area, or nudity, whether full or partial, because neither depicted her nipples, buttocks, or genitals. Put simply, neither photograph can substantiate a charge against Nancy Doe under Iowa Code section 728.1(7)(g).

As briefed by the Plaintiffs, Defendant Bull continues to misread the *Hunter* case. *Hunter* certainly did not stand for the proposition that non-nude, non-obscene images constitute sexual exploitation of a minor; instead, the Court allowed that possibility only where there actually was partial nudity. *Hunter*, 550 N.W.2d at 465 ("Although Hunter's daughter was not totally naked in any photograph, various photographs do show her bare breasts, pubic area, and buttocks. Therefore, the statute's nudity requirement is not vague when applied. . .") Here, quite oppositely, there is no nudity of Jane Doe, either partial or full, in either photograph.

Indeed, from a First Amendment perspective, the Defendant would be assisted by the narrow definition of nudity as that contained in Iowa Code section 709.21(2)(a) that he rejects in his Resistance. Such a definition would at least not suffer from the infirmities of vagueness and overbreadth of Bull's definition, untethered as it is to any limiting principles. But as it is, Defendant Bull in his application of Iowa Code section 728.1(7)(g) seeks to outlaw the non-nude, non-obscene depiction of only female torsos where nipples are not depicted. This

amorphous and content-based standard, criminalizing some but not all toplessness, cannot withstand strict scrutiny. (*See* Mem. in Supp. of Mot. for Prelimin. Inj. at 15-24).

Finally, as an overarching matter, there are two photos at issue here. In his Resistance, Defendant Bull does not even seem to attempt to argue that the photo of Nancy in her sports bra and shorts is a violation of law. Even were a teen's selfie that depicts only cleavage able to meet any legitimate definition of nudity or, as a First Amendment principle, obscenity, as a violation of Iowa's sexual exploitation of a minor law, then Plaintiffs would still have claims related to the second photograph that Nancy took of herself in her sports bra and shorts.

### 2. Plaintiffs' claims are ripe.

Defendant Bull has sought to sanction and/or criminalize, a teen's selfies which depict no nudity—unlike in *Hunter*—and which are predicated on her sex. In so doing, the Plaintiffs are experiencing ongoing, concrete, and actualized harm to their constitutional rights. Defendant's inappropriately cavalier mischaracterization of the existing, concrete, and serious injury to Plaintiff Nancy Doe's right to be free from invidious sex discrimination under the Fourteenth Amendment by waiving it off as her "'free the nipple' campaign" ignores her claim as pled and briefed, and only underscores the need for a remedy by this Court. That claim challenges Defendant's sex-based application of Iowa Code 728.1(7)(g) only to limit the exposure of girls' torsos, but not boys'. It stands alongside of, not dependent upon, Plaintiffs' as-applied First and Fourteenth Amendment claims. Because Defendant Bull has already imposed a sex-based classification on Nancy Doe in threatening to prosecute her for sexual exploitation of a minor where she would be immune if engaging in identical conduct as a boy, rather than a girl, her claim is ripe.

January 10, 2017.

Respectfully submitted,

/s/ Rita Bettis
Rita Bettis, AT0011558

/s/ Joseph Fraioli
Joseph A. Fraioli, AT0011851

ACLU of Iowa Foundation, Inc.
505 Fifth Ave., Ste. 901
Des Moines, IA 50309–2316
Telephone: 515.243.3988
Fax: 515.243.8506
rita.bettis@aclu-ia.org
joseph.fraioli@aclu-ia.org


s/Glen S. Downey
Glen S. Downey                    AT0012428

The Law Offices of Glen S. Downey, LLC
301 East Walnut St., Ste. 4
Des Moines, IA  50309
Tel: (515) 259-9571
Fax: (515) 259-7599
glen@downey-law.net

s/Robert G. Rehkemper
Robert G. Rehkemper            AT0006553

s/Matthew T. Lindholm
Matthew T. Lindholm            AT0004746

440 Fairway Drive, Suite 210
West Des Moines, Iowa  50266
Telephone: (515) 226-0500
Facsimile:  (515) 244-2914
rgrehkemper@grllaw.com
mtlindholm@grllaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.

All participants in this case are registered CM/ECF users and will served by the CM/ECF system.

Date: January 10, 2017

/s/Rita Bettis<br>Rita Bettis