**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| JOHN DOE and JANE DOE, individually and on behalf of their minor daughter, NANCY DOE, <br><br> Plaintiffs, <br><br> v. <br><br> ED BULL, in his official capacity as County Attorney of Marion County, Iowa, <br><br> Defendant. | Case No. 4:16-cv-00521-RP-CFB <br><br> **PLAINTIFFS' REPLY TO AMICUS CURIAE BRIEF, IN SUPPORT OF A PRELIMINARY INJUNCTION** |

**PLAINTIFFS' REPLY BRIEF**

COME NOW, Plaintiffs, by and through their attorneys, and respectfully state as follows

in reply to the amicus curiae brief of the Iowa County Attorneys Association ("ICAA").

**ARGUMENT**

I.      **An informal juvenile adjustment is not an ongoing judicial proceeding, nor does it provide adequate opportunity to raise federal claims.**

The ICAA brief misstates Younger Abstention doctrine. Following *Younger,* the Supreme

Court extended the doctrine to those non-criminal state court proceedings, including

administrative proceedings, only where: (1) there are ongoing state proceedings that are judicial

in nature; (2) the state proceedings implicate important state interests; and (3) the state

proceedings afford an adequate opportunity to raise federal claims. *Middlesex County Ethics*

*Comm. v. Garden State Bar Assn.,* 457 U.S. 423, 432 (1982); *Planned Parenthood of Greater*

*Iowa, Inc. v. Atchison*, 126 F.3d 1042, 1046–47 (8th Cir. 1997). Subsequent to *Middlesex,* the

Supreme Court further narrowed the Eighth Circuit's application of *Younger* abstention in the

1

*Sprint* case. *Sprint Commc'ns, Inc. v. Jacobs*, 134 S.Ct. 584 (2013) ("Jurisdiction existing . . .a federal court's 'obligation' to hear and decide a case is 'virtually unflagging.'")

In *Sprint*, the Supreme Court found that an Iowa Utilities Board proceeding did not require *Younger* abstention. The Court cautioned against the overbroad application of *Younger* by the Eighth Circuit. *Id.* at 593 ("Divorced from their quasi-criminal context, the three *Middlesex* conditions would extend to virtually all parallel state and federal proceedings. . . That result is irreconcilable without our instruction that, even in the presence of parallel state proceedings, abstention from the exercise of federal jurisdiction is the 'exception, not the rule.'") *See also Oglala Sioux Tribe v. Van Hunnik*, 993 F. Supp. 2d 1017, 1023 (S.D. 2014) (discussing *Sprint* holding that the Middlesex factors, if met, do not necessarily result in abstention; they are factors the Court must consider.)

And yet, by straightforward application of the *Middlesex* factors alone, abstention is not warranted here. The ICAA brief fails to even address the *Middlesex* factors or argue how they would apply in this case. Instead, it launches into comparisons—to an attorney disciplinary proceeding and to a grand jury investigation—that aren't meaningful to this case. Unlike those procedures, informal adjustment of juveniles lacks any indicia of a judicial procedure, and fails to afford an adequate opportunity to raise federal claims.

Of course, in *Younger*, the Court considered criminal proceedings. Where *non-criminal* state proceedings are subject to *Younger* abstention, they always must be "judicial in nature," and have actually "themselves commenced." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. at 238-39 (1st Cir. 2009) (public hearings on land condemnation proceedings in court were not 'judicial proceedings' under *Younger*); *see also Guillemard-Ginorio*, 585 F.3d 508, 519 (1st Cir. 2009)

(Puerto Rico's insurance commission's investigation was too preliminary a stage to be a "proceeding" under *Younger*.)

In its persuasive analysis, the Third Circuit has identified those "traditional indicia of a judicial action" which test whether proceedings are truly judicial for purposes of *Younger. See Kendall v. Russell*, 572 F.3d at 131-33. Judicial proceedings are: initiated by a complaint, adjudicative in nature, governed by rules of procedure, employ legal burdens of proof, and are subject to judicial review. *Id.* at 132 (Commission on Judicial Disabilities had most of these indicia, but because of its failure to provide appellate review, they were not judicial in nature under *Younger*, nor was an adequate ability to raise federal claims provided).

*Younger* abstention doctrine is not triggered merely because "a state bureaucracy has initiated contact with a putative federal plaintiff," *Telco Communications, Inc. v. Carbaugh*, 885 F.2d 1225, 1229 (4th Cir. 1989), or because "a state investigation has begun," *Google, Inc. v. Hood*, 822 F.3d 212 (1st Cir. 2016) (state attorney general's service of administrative subpoena on an internet search engine was not an ongoing state judicial proceeding under *Younger*). In *Telco*, the Fourth Circuit ruled that the state Office of Consumer Affairs' use of an "informal fact-finding process" to investigate a professional fundraiser also was not an ongoing state proceeding. *Telco Communications, Inc.*, 885 F.2d at 1228-29 (finding participants were not sworn, no record was maintained, and there was no opportunity for cross-examination of witnesses). Rather, it found that the process was "simply a settlement conference to see if the dispute could be consensually resolved." *Id.*  It reasoned that state law did not mandate that the conference be followed by any formal proceedings and that the informal fact-finding conference was not remotely judicial in nature. *Id.*

*Younger* also has a durational component. To trigger *Younger* abstention, proceedings must have commenced, and be ongoing. *Telco*, while not precedential, is instructive to understanding the period prior to judicial proceedings commencing. In *Telco*, the Fourth Circuit recognized that "the period between the threat of enforcement and the onset of formal enforcement proceedings may be an appropriate time for a litigant to bring its First Amendment challenge in federal court." *Id.* at 1229. Similarly, in *Planned Parenthood of Greater Iowa, Inc.,* the Eighth Circuit held that the district court was not required by *Younger* to abstain from deciding the organization's section 1983 lawsuit challenging the state health department's determination that a proposed clinic's construction was subject to various requirements. 126 F.3d 1042, 1047 (8th Cir. 1997) (focusing on the "ongoing" requirement.)

Only one federal court decision addresses whether "informal adjustment" juvenile procedures are "ongoing state proceedings" for purposes of *Younger*. In *Miller v. Mitchell*, 598 F.3d 139, 146 (3rd Cir. 2013), the Third Circuit found that informal adjustment procedures were not "ongoing state proceedings" requiring abstention. *Miller* determined that informal adjustments were not judicial in nature. *Id.* They were very much the opposite: a diversion program to funnel children *away from* formal judicial proceedings. *Id.* Further, the court noted that participants had no opportunity to raise any legal claims, including constitutional claims. *Id.*

Here, as in *Miller*, informal adjustments, by statute, occur only prior to the filing of a petition of juvenile delinquency. Iowa Code §232.28(6), (8)–(9). While an informal adjustment is ongoing, any petitions for juvenile delinquency must be dismissed. Iowa Code §232.29(h). Conversely, once the petition is filed, there can be no informal adjustment. Here, no judicial proceeding has commenced. There has been no petition filed against Nancy Doe. In Iowa's informal adjustments, unlike formal delinquency proceedings, there is no neutral detached fact-

finder akin to a judge, no hearing or proceeding, no examination of witnesses by the parties, no

rules of procedure or evidence, no burdens of proof, no appeal, and importantly, no opportunity

to vindicate federal constitutional rights. Thus, informal adjustments do not contain the

traditional indicia of judicial action.

Nor are informal adjustments even *proceedings*. Indeed, their function is to divert

children *away from the court process*. Iowa Code § 232.28 (8)–(9). *See also Delinquency*

*Proceedings – Polk County Attorney's Office*, https://www.polkcountyiowa.gov.attorney/

juvenile-division/delinquency-proceedings/ ("[T]he typical [informal adjustment] agreement

requires (1) *non judicial* probation in which the child is to abide by conditions of behavior

imposed under the probation or (2) treatment services.") (emphasis added.) The predominant,

defining feature of an informal adjustment is that it is an alternative to, and not, a delinquency

proceeding. Where delinquency proceedings are subject to rules of procedure and are judicial in

nature, informal adjustments are not.

Indeed, Iowa Code section 232.29 specifically provides that "[t]he child and the child's

parent . . . shall have the right to terminate such agreement at any time and to request the filing of

a petition and a formal adjudication." *Id.* That ability to terminate the *informal agreement* at any

time for any reason makes it entirely unlike a judicial proceeding. The process is by voluntary

agreement of the parents, children, and judicial court officers. Judges have no authority to

impose conditions on juveniles or parents in an informal adjustment. Like the informal fact-

finding conference in *Telco*, the informal adjustment is merely a form of settlement conference

to avoid a judicial procedure for children accused of delinquency.

Finally, there is no opportunity to raise federal claims in the informal adjustment, the

third factor considered under *Middlesex*. Unlike in an actual juvenile delinquency proceeding

when a petition of delinquency has been filed and formal proceedings ensue before a judge, there is no neutral and detached adjudicator, and no opportunity to make motions, or redress claims. It is entirely reasonable that a participant in informal adjustment may object to one portion of the larger agreement as unconstitutional, yet still wish to proceed with informal adjustment versus criminal prosecution. There is absolutely no mechanism in an informal adjustment to challenge an unlawful portion of an otherwise lawful and desirable informal adjustment agreement.

Grand jury investigations specifically are unlike informal adjustments in every important way under *Younger*.[1] When a grand jury returns an indictment, an individual is formally indicted. *See* Iowa R. Crim. Pro. 2.4(5). At that point, speedy trial rights are triggered; prosecution must commence or be dismissed. *See* Iowa R. Crim. Pro. 2.33(2)(b) (ninety-day speedy trial after indictment). Alternatively, the grand jury may choose not to indict, and the proceedings come to a definite end. The same is not true for informal adjustment. There is no mandate that, following an *unsuccessful* informal adjustment, charges must be brought. Whereas an indicted individual may file a motion to quash or dismiss charges that violate his or her constitutional rights, there is no such ability in informal adjustment, nor is there judicial review. *See Geier v. Missouri Ethics Com'n*, 715 F.3d 674, 679-80 (8th Cir. 2013) (discussing importance of appeal to whether a proceeding is judicial).

This scenario was addressed in *Telco*, which found that *Younger* abstention is not required in the period between a threat of enforcement and the onset of formal enforcement

---

[1] The Eighth Circuit's discussion in *Kaylor*, cited by the ICAA, that formal grand jury investigations are ongoing proceedings for *Younger* appears in *dicta*, and would not be binding, were a grand jury investigation before the court and not an informal adjustment. *See Monaghan v. Deakins*, 798 F.2d 632, 637 (3d Cir. 1986), aff'd in part, vacated in part, 484 U.S. 193 (1988) (Eighth Circuit's conclusion in *Kaylor* governing grand jury investigations was dicta). Indeed, *Kaylor* was notably decided prior to *Sprint*.

proceedings. 885 F.2d at 1228-29 (citing *Wulp v. Corcoran*, 454 F.2d 826, 831 (1st Cir. 1972). It

reasoned that to do so "would leave a party's constitutional rights in limbo[2] while an agency

contemplates enforcement but does not take it." *Id.* In Iowa, the County Attorney's filing of a

petition commences proceedings that are judicial in nature; a complaint or subsequent informal

adjustment, intended to protect children to those proceedings, do not. *See* Iowa Code § 232.28.

Attorney disciplinary proceedings as discussed in *Gillette v. North Dakota Disciplinary

Bd. Counsel*, 610 F.3d 1045 (8th Cir. 2010) are also entirely different than informal adjustments

in the ways that matter under *Younger*. In *Gillette*, the state Supreme Court had adopted rules of

procedure governing the Board, which acted as an arm of the Court sitting in a judicial capacity,

and federal claims could be raised and adjudicated; reciprocal discovery and subpoenas of

witnesses were provided, complete with briefing, argument, and judicial review. *Id.* at 1048. By

contrast, Iowa's informal adjustment is not judicial in nature: there are no analogous rules of

procedure, neutral factfinders akin to judges, reciprocal discovery, any opportunity for raising

federal constitutional claims, or ability to seek judicial review.

Because informal adjustments do not have the indicia of ongoing judicial proceedings, do

not provide a meaningful opportunity to raise federal claims, and are not analogous to either

grand jury investigations or South Dakota attorney disciplinary proceedings, Plaintiffs claims are

not barred by *Younger* abstention.

January 10, 2017.

---

[2] This ongoing-limbo scenario was addressed in *Willis v. Palmer*, 175 F. Supp. 3d 1081 (N.D. Iowa March 30, 2016), where Judge Bennett rejected the arguments of the state that any challenge to civil commitment was barred under *Younger* abstention—both because proceedings with no end in sight are not ongoing, and because there was no "consistent, predictable and adequate opportunity for the plaintiffs to raise their claims." *Id.* at 1099. Here too, informal adjustment provides no opportunity to raise any of the Does' three federal constitutional claims.

Respectfully submitted,

/s/ Rita Bettis
Rita Bettis, AT0011558

/s/ Joseph Fraioli
Joseph A. Fraioli, AT0011851

ACLU of Iowa Foundation, Inc.
505 Fifth Ave., Ste. 901
Des Moines, IA 50309–2316
Telephone: 515.243.3988
Fax: 515.243.8506
rita.bettis@aclu-ia.org
joseph.fraioli@aclu-ia.org


s/Glen S. Downey
Glen S. Downey                          AT0012428

The Law Offices of Glen S. Downey, LLC
301 East Walnut St., Ste. 4
Des Moines, IA  50309
Tel: (515) 259-9571
Fax: (515) 259-7599
glen@downey-law.net

s/Robert G. Rehkemper
Robert G. Rehkemper               AT0006553

s/Matthew T. Lindholm
Matthew T. Lindholm               AT0004746

440 Fairway Drive, Suite 210
West Des Moines, Iowa  50266
Telephone: (515) 226-0500
Facsimile:  (515) 244-2914
rgrehkemper@grllaw.com
mtlindholm@grllaw.com

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.

All participants in this case are registered CM/ECF users and will served by the CM/ECF system.

Date: January 10, 2017

<u>/s/Rita Bettis</u>
Rita Bettis