# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN DOE, JANE DOE, NANCY DOE, | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO.: 4:16-cv-00521-RP-CFB |
| | ) | |
| vs. | ) | |
| | ) | |
| ED BULL, | ) | **ORDER ADOPTING SCHEDULING** |
| | ) | **ORDER AND DISCOVERY PLAN,** |
| Defendant. | ) | **SETTING TRIAL AND FINAL** |
| | ) | **PRETRIAL** |

The Court has reviewed the parties' Proposed Scheduling Order and Discovery Plan [30]. The following deadlines are set:

1. Initial Disclosures deadline **March 30, 2017.**

2. Add Parties deadline **May 5, 2017.**

3. Amended Pleadings due by **May 5, 2017.**

4. Plaintiff's Expert Witness disclosures due by **June 2, 2017.**

5. Defendants' Expert Witness disclosures due by **July 14, 2017.**

6. Plaintiff's Rebuttal Witness disclosures due **August 18, 2017.**

7. Discovery shall be concluded, and not propounded, by **September 28, 2017.**

8. Dispositive Motion Deadline **December 1, 2017.**

9. Status conference is set for **9:30 a.m. on April 5, 2017. Counsel shall call the Court's conference line at 515-284-6266 and enter code 116266 at the prompt.**

This case is set for a jury trial before the Honorable Robert W. Pratt **beginning on April 9, 2018, at the U.S. Courthouse in Des Moines, Iowa.** Estimated length of trial is two days. Final Pretrial Conference is set before the Honorable Celeste F. Bremer **at 9:30 AM on March 28, 2018.** The parties shall comply with the requirements for final pretrial conference attached to this order.

IT IS SO ORDERED.

Dated this 8th day of March, 2017.

*Celeste F. Bremer*

**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JOHN DOE, JANE DOE, NANCY DOE,, ) | |
| ) | |
| Plaintiff, ) | CASE NO.: 4:16-cv-00521-RP-CFB |
| ) | |
| vs. ) | |
| ) | |
| ED BULL, ) | **ORDER REGARDING** |
| ) | **FINAL PRETRIAL CONFERENCE** |
| Defendant. ) | **REQUIREMENTS** |
| ) | |
| ) | |

Pursuant to Fed. R. Civ. P. 16(e) and Local Rule 16.1, IT IS ORDERED that the following requirements for the final pretrial conference shall be met:

1. Counsel and any pro se parties shall appear before the judge identified in the Scheduling Order at the time and place set forth in the Scheduling Order, fully pre-pared to conduct the final pretrial conference.

2. The Magistrate Judge assigned to this case is available to schedule a settlement conference. The parties will be required to be personally present at settlement con-ferences. Counsel shall confer, and contact the office of the undersigned, if they wish to schedule a settlement conference.

3. Counsel and any pro se parties shall confer to prepare the **Final Pretrial Order**, in accordance with the attached form. The signed proposed final pretrial order must be submitted to the court at least **3 days** before the date of the final pretrial confer-ence. It is the responsibility of plaintiff's counsel to prepare and file the proposed order, but if the plaintiff is pro se, the lawyer for the defendant shall be responsible to prepare and file the proposed order. Separate proposals from each party will not be accepted. Appropriate sanctions will be imposed pursuant to Fed. R. Civ. P. 16(f) for failure to comply with these requirements.

4. All motions under Fed. R. Evid. 104, Fed. R. Evid. 702, and any motions in limine shall be filed no less than **21 days** prior to the date of the final pretrial conference.

1

5. At least **3 days** before the final pretrial conference, the parties shall file:

   a) Trial briefs;

   b) Proposed voir dire questions;

   c) A stipulated statement of the case to be read during jury selection; and

   d) Complete jury instructions, including verdict forms.

IT IS SO ORDERED.

Dated this 8th day of March, 2017.

CELESTE F. BREMER
UNITED STATES MAGISTRATE JUDGE

# **FORM OF ORDER FOR FINAL PRETRIAL CONFERENCE**

[NOTE: CAPTION OF ACTION HAS BEEN OMITTED]

A final pretrial conference was held in this matter pursuant to Fed. R. Civ. P. 16 on _____.

The following counsel, who will try the case, appeared at the conference:

1. For the plaintiff:
   Name(s)
   Street number and name
   City, State and zip code
   Phone number

2. For the defendant:
   Name(s)
   Street number and name
   City, State and zipcode
   Phone number

Accordingly,

**IT IS ORDERED**

**I.** The parties agree that the following facts are true and undisputed:

   A.
   B.

[NOTE: the parties should set out in full all material facts to which there is no dispute. Special considerations should be given to such things, where relevant, as life and work expectancy, medical and hospital bills, funeral expenses, cause of death, lost wages, and property damage. Parties shall stipulate any undisputed fact even if the legal relevance of the stipulated fact is questioned by one or more parties. In such instances, the stipulated

fact should be followed by an identification of the objecting party and the objection (i.e., "Plaintiff objects to relevance.")]

**II.**     **EXHIBITS**

   A.     The parties agree that the following exhibits shall be considered to be already in evidence at the trial without further offer, proof or objection. Specifically, the parties agree that both plaintiff's and defendant's exhibits listed under this portion (Paragraph IIA) of the final pretrial order are in evidence at the commencement of the trial and available for use by any party at any stage of the trial.

   1.     Plaintiff's Exhibits:

   1. [Describe exhibit]
   2. [Describe exhibit]
   3. [Describe exhibit]

   2.     Defendant's Exhibits:

   A. [Describe exhibit]
   B. [Describe exhibit]
   C. [Describe exhibit]

   B.     Parties want to introduce into evidence the following exhibits to which all foundation, identification, and authenticity objections are waived but to which an opposing party objects on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes that the exhibit is otherwise admissible.

   1.     Plaintiff's Exhibits:

   4. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]
   5. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]
   6. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]

   2.     Defendant's Exhibits:

4

D. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]
E. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]
F. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]

C. Parties want to introduce into evidence the following exhibits to which an opposing party will object on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes the exhibit is otherwise admissible.

1. Plaintiff's Exhibits:

7. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]
8. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]
9. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]

2. Defendant's Exhibits:

G. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]
H. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]
I. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]

[NOTE: Any exhibits not properly listed in the Order will be subject to exclusion at trial and any objection not indicated will be deemed waived unless this Order is modified prior to trial to prevent manifest injustice. All exhibits shall be made available to opposing counsel for inspection sufficiently prior to the FPTC to permit objections to be noted in this Order. Failure to provide exhibits for inspection shall constitute a valid ground for objection at trial and should be noted in this Order.]

## III. WITNESSES

A. Plaintiff's Witnesses: [List witnesses, addresses and substance of testimony.]

1.
2.

B. Defendant's Witnesses: [List witnesses, addresses and substance of testimony.]

1.
2.

C. A party listing a witness guarantees his/her presence at trial unless the Court and opposing counsel are notified to the contrary at least seven (7) days prior to trial. All parties are free to call any witness listed by the opposing party whether they have listed them or not.

D. A witness testifying by deposition must be listed with a designation that the testimony will be by deposition.

IV. **FACTUAL ISSUES**

A. Plaintiff's Factual Issues:

1.
2.

B. Defendant's Factual Issues:

1.
2.

[NOTE: Each party should list all views of the major disputes which are involved in the case.]

V. **LEGAL CONTENTIONS**

A. Plaintiff's Legal Contentions:

1.
2.

B. Defendant's Legal Contentions:

1.
		2.

[NOTE: Each party should set forth all theories of recovery or defense, including specifications of fault which will be raised upon at trial.  The elements of each theory of recovery and the elements of damages sought must be included.]

**VI.     LEGAL ISSUES**

	A.	Plaintiff's Legal Issues:

		1.
		2.

	B.	Defendant's Legal Issues:

		1.
		2.

[NOTE: The parties should set forth any legal questions which are likely to arise at trial. This should include such things as: a legal dispute as to the elements of plaintiff's cause of action or whether recovery is barred as a matter of law by a particular defense; whether, as a matter of law, a particular defense would apply; any legal dispute as to the measure, elements, or recovery of damage claimed by the plaintiff; any unusual evidentiary questions which are likely to arise at trial; and whether the statute of frauds or the parol evidence rule will be raised, etc.]

**PAGE NUMBERS SHALL BE CENTERED AT THE BOTTOM OF EACH PAGE OF THE PROPOSED ORDER**